LEONIDOU & ROSIN
Professional Corporation
A. Robert Rosin (No. 115245)
Gregory S. Gerson (No. 318795)
777 Cuesta Drive, Suite 200
Mountain View, CA 94040
Telephone: (650) 691-2888
Facsimile: (650) 691-2889
arrosin@alr-law.com
ggerson@alr-law.com

Attorneys for Defendant
GHILOTTI BROS., INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA -SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| ROMAN MELIKOV, <br><br> Plaintiff, <br><br> vs. <br><br> GHILOTTI BROS., INC., <br><br> Defendant. | Case No. 4:21-CV-04074-JSW <br><br> **GHILOTTI BROS., INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Defendant Ghilotti Bros., Inc. ("Defendant") hereby answers the Complaint (the "Complaint") of Plaintiff Roman Melikov ("Plaintiff") as follows:

**NATURE OF CASE**

1. Defendant admits the allegations of Paragraph 1 of the Complaint.

2. Defendant admits that it is a construction company with expertise in concrete installation, excavation, road paving, and demolition, underground utility installation, and other areas, that it was incorporated on September 25, 1951, and that it is the continuation of a prior business that began more than 100 years ago. Defendant's balance sheet is irrelevant for purposes of this action and it is unclear what Plaintiff means by "strong financial balance sheet."

/ / /

/ / /

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and therefore denies the allegations contained therein.

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and therefore denies the allegations contained therein.

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and therefore denies the allegations contained therein.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and therefore denies the allegations contained therein.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and therefore denies the allegations contained therein.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and therefore denies the allegations contained therein.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and therefore denies the allegations contained therein.

10. Defendant admits that it performed work at or near the site of the alleged accident and that the work was permitted by the San Francisco Department of Public Works. Defendant lacks knowledge or information sufficient to form a belief as to the remainder of Paragraph 10 and therefore denies the allegations contained therein.

11. Defendant admits that it owned concrete barriers used by Defendant in performing work at or near the site of the alleged accident. Defendant lacks knowledge or information sufficient to form a belief as to the remainder of Paragraph 11 and therefore denies the allegations contained therein.

## **JURISDICTION AND VENUE**

12. Paragraph 12 purports to state legal conclusions, as to which no response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of each of the facts alleged therein and therefore denies the allegations contained therein. Defendant specifically denies that the amount in controversy

exceeds $75,000.

13. Paragraph 13 purports to state legal conclusions, as to which no response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of each of the facts alleged therein and therefore denies the allegations contained therein.

**PARTIES**

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and therefore denies the allegations contained therein.

15. Defendant admits the allegations contained in Paragraph 15.

**SUBSTANTIVE ALLEGATIONS**

16. Paragraph 16 purports to state legal conclusions, as to which no response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of each of the facts alleged therein and therefore denies the allegations contained therein.

17. Paragraph 17 purports to state legal conclusions, as to which no response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of each of the facts alleged therein and therefore denies the allegations contained therein. Defendant specifically denies that it failed to carry out its duties, if any existed, and that it placed a "wrong traffic sign."

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and therefore denies the allegations contained therein. Defendant specifically denies that it failed to carry out any legal duties it may have owed.

19. Paragraph 19 purports to state legal conclusions, as to which no response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of each of the facts alleged therein and therefore denies the allegations contained therein. Defendant specifically denies that it failed to carry out any legal duties it may have owed.

/ / /

20. Paragraph 20 purports to state legal conclusions, as to which no response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of each of the facts alleged therein and therefore denies the allegations contained therein. Defendant specifically denies that it caused the alleged accident, that it is liable in any amount whatsoever, and that it failed to follow any "proper procedure."

21. Paragraph 21 purports to state legal conclusions, as to which no response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of each of the facts alleged therein and therefore denies the allegations contained therein.

## COUNT I

## NEGLIGENCE

22. Defendant incorporates by reference its responses to the paragraphs above, as if set out in full.

23. Defendant denies each and every allegation of Paragraph 23.

24. The allegations of paragraph 24 are irrelevant surplusage. To the extent that Plaintiff is asserting that Defendant violated any law, Defendant denies each and every such assertion or implied allegation.

25. The allegations of paragraph 25 are irrelevant surplusage. To the extent that Plaintiff is asserting that Defendant violated any law, Defendant denies each and every such assertion or implied allegation.

26. Defendant denies each and every allegation of Paragraph 26.

## COUNT II

## WILLFUL AND WANTON MISCONDUCT

27. Defendant incorporates by reference its responses to the paragraphs above, as if set out in full.

28. Defendant denies each and every allegation of Paragraph 28.

/ / /

29. The allegations of paragraph 29 are irrelevant surplusage. To the extent that Plaintiff is asserting that Defendant violated any law, or failed to carry out any duty that it owed, Defendant denies each and every such assertion or implied allegation.

30. The allegations of paragraph 30 are irrelevant surplusage. To the extent that Plaintiff is asserting that Defendant violated any law, or failed to carry out any duty that it owed, Defendant denies each and every such assertion or implied allegation.

31. The allegations of paragraph 31 are irrelevant surplusage. To the extent that Plaintiff is asserting that Defendant violated any law, or failed to carry out any duty that it owed, Defendant denies each and every such assertion or implied allegation.

32. Paragraph 32 purports to state legal conclusions, as to which no response is required. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and therefore denies the allegations contained therein.

33. Paragraph 33 purports to state legal conclusions, as to which no response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of each of the facts alleged therein and therefore denies the allegations contained therein.

**PRAYER FOR RELIEF**

Wherefore, Defendant respectfully requests:

1. The Court dismiss this action with prejudice;

2. Plaintiff take nothing by its Complaint;

3. Defendant shall be allowed to recover its costs and, to the extent permitted by law, its attorney's fees; and

4. Such other and further relief as the Court deems just and proper.

**AFFIRMATIVE DEFENSES**

Defendant asserts the following affirmative defenses and reserves the right to amend this Answer to assert other and further defenses when and if, in the course of its investigation, discovery, or preparation for trial it becomes appropriate. By designating these matters "defenses," Defendant does not intend to suggest either that Plaintiff does not bear the burden of

proof as to such matters or that such matters are not elements of Plaintiff's *prima facie* case against Defendant.

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim for Relief)**

The Complaint fails to state any claim for relief.

### SECOND AFFIRMATIVE DEFENSE

**(Lack of Jurisdiction)**

This Court does not have jurisdiction over the claims asserted by Plaintiff as they have a value of less than $75,000.

### THIRD AFFIRMATIVE DEFENSE

**(Comparative Fault)**

Plaintiff's own fault or negligence was the cause and/or a contributing factor with regard to the alleged accident that that is the subject of this action.

### FOURTH AFFIRMATIVE DEFENSE

**(No Causation)**

Defendant did not cause the alleged accident that is the subject of this action.

### FIFTH AFFIRMATIVE DEFENSE

**(Failure to Mitigate Damages)**

Plaintiff has failed to mitigate his purported damages and has knowingly engaged in conduct that would have aggravated his purported damages, if any had been sustained.

### SIXTH AFFIRMATIVE DEFENSE

**(Intervention)**

Plaintiff's damages, if any, are the result of the acts of Plaintiff or other persons or entities, including nonparties to this action. Accordingly, liability or damages to Plaintiff, if any, must be apportioned among all of such responsible persons or entities, including Plaintiff.

///

///

///

## SEVENTH AFFIRMATIVE DEFENSE

### (Negligence of Others)

Plaintiff's damages, if any, were caused by the acts, errors or omissions of Plaintiff and/or third parties and/or contributed to and/or caused by the acts, errors, omissions or negligence of Plaintiff and/or third parties, for whose conduct Defendant is not responsible.

## EIGHTH AFFIRMATIVE DEFENSE

### (Intervening Cause)

Plaintiff's damages, if any, were the result of an intervening cause and not an act or omission of Defendant.

## NINTH AFFIRMATIVE DEFENSE

### (Superseding Cause)

Plaintiff's damages, if any, were the result of a superseding cause and not an act or omission of Defendant.

## TENTH AFFIRMATIVE DEFENSE

### (Punitive Damages Not Permissible)

Plaintiff's claims for punitive damages are barred as impermissible under the facts and circumstances surrounding this action.

## RIGHT TO AMEND AFFIRMATIVE DEFENSES

Defendant hereby asserts all defenses available under federal law and under any applicable state law.  Additional facts may be revealed in discovery or otherwise that support defenses presently available, but unknown, to Defendant.  Defendant therefore reserves its right to assert additional defenses in the event discovery or investigation reveals a basis for asserting such defenses.

/ / /

/ / /

/ / /

/ / /

/ / /

## DEMAND FOR JURY TRIAL

Defendant Ghilotti Bros., Inc. hereby demands a trial by jury of all claims and any counterclaims in this action for which there is a right to trial by jury.

Dated: June 23, 2021

                LEONIDOU & ROSIN
                Professional Corporation

By _____*/s/ A. Robert Rosin*_____
       A. Robert Rosin
     Attorneys for Defendant
     GHILOTTI BROS., INC.

# CERTIFICATE OF SERVICE

Case Name:   Roman Melikov v. Ghilotti Bros., Inc.

Case No.:    3:21-cv-04074-JCS

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is Leonidou & Rosin, 777 Cuesta Drive, Suite 200, Mountain View, CA 94040.  On June 23, 2021, I served the within documents:

**GHILOTTI BROS., INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT - DEMAND FOR JURY TRIAL**

☐  by transmitting via electronic mail the document (s) listed above to the email address(es) set forth below on this date.

☒  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, for collection and mailing following our ordinary business practice at Mountain View, California addressed as set forth below.

☐  by causing such documents to be delivered to Federal Express for overnight courier service to the office(s) of the address(es) set forth below.

☐  by personally delivering the document (s) listed above to the person(s) at the address(es) set forth below.

Roman Melikov, pro se
9550 W. Sahara Ave., #3022
Las Vegas, NV  89117

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid in the ordinary course of business.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on June 23, 2021, at Mountain View, California.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　/s/ *Marla J. Leon*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Marla J. Leon