UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMAN MELIKOV,<br><br>   Plaintiff,<br><br>  v.<br><br>GHILOTTI BROS., INC.,<br><br>   Defendant. | Case No. 21-cv-04074-JSW<br><br>**ORDER GRANTING MOTION FOR SUMMARY ADJUDICATION, REQUIRING STATUS REPORT, AND CONTINUING TRIAL AND PRETRIAL DEADLINES**<br><br>Re: Dkt. No. 25 |

Now before the Court for consideration is the motion for summary adjudication filed by Defendant Ghilotti Brothers, Inc. ("Defendant"). The Court has considered the parties' papers, relevant legal authority, and the record in the case, and it finds this matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). For the following reasons, the Court GRANTS Defendant's motion.

## BACKGROUND

The lawsuit arises out of an automobile accident that occurred on July 16, 2019 in Golden Gate Park in San Francisco, CA. (Compl. ¶ 3.) The accident occurred near the intersection of Crossover Drive and Park Presidio Bypass in San Francisco. South of the intersection, Crossover Drive consists of three northbound travel lanes. (Dkt. No. 25-1, Declaration of Tina Yim ("Yim Decl.") ¶ 8, Ex. F ("Manjarrez Report") at 1.) The leftmost lane is a left-turn only lane marked with left turn arrows; motorists in this lane must turn left at the intersection of Crossover Drive and Park Presidio Bypass to continue on Crossover Drive. (Manjarrez Report at 1.) Motorists in the center lane and the right lane travel straight through the intersection. (*Id*. at 2.) Motorists in the center lane and right lane continue in those lanes north of the intersection. (*Id*.) North of the intersection, Park Presidio Bypass consists of three northbound travel lanes. (*Id*.) The leftmost

lane of Park Presidio Bypass is added north of the intersection. (*Id*.) That is, there is no northbound left lane available for motorists as they pass through the intersection. (*Id*.) The left lane of Crossover Drive that exists south of the intersection becomes a left-turn only lane, and the leftmost lane of Park Presidio Bypass is added north of the intersection. (*Id*.)

At the time of the accident, the leftmost lane of Park Presidio Bypass north of the intersection was closed to traffic; the center lane and the right lane remained open. (*Id*.) Defendant placed a "CENTER LANE CLOSED AHEAD" sign approximately 790 feet prior to the lane closure. (*Id*. at 3.) There was also a temporary barrier, crash cushion, and "LANE CLOSED" sign in the intersection prior to the point at which the leftmost lane of Park Presidio Bypass is added. (*Id*. at 2.)

Plaintiff Roman Melikov ("Plaintiff") alleges that as he drove north through Golden Gate Park, he encountered the "CENTER LANE CLOSED AHEAD" sign. (Compl. ¶ 3.) To avoid what he expected would be a center lane closure, Plaintiff moved into the left lane. (*Id*. ¶ 4.) However, he discovered concrete barriers were blocking the left lane not the center lane. (*Id*. ¶ 6.) To avoid a collision with the concrete barrier in the left lane, Plaintiff veered to the right and became lodged between another vehicle and the concrete barrier, which caused damage to his vehicle. (*Id*. ¶¶ 7-8.)

Plaintiff, proceeding *pro se*, filed this lawsuit on May 27, 2021. Plaintiff alleges that Defendant was responsible for the signage and placement of the barriers that led to his accident. (*Id*. ¶ 11.) Plaintiff alleges that Defendant failed to exercise the proper standard of care when it placed the incorrect traffic sign on Crossover Drive and failed to post adequate signage warning motorists of the lane closure. (*Id*. ¶¶ 17-19.) Plaintiff brings causes of action for negligence and willful and wanton misconduct and seeks punitive damages in connection with his claim of willful and wanton misconduct. Defendant seeks summary adjudication of the cause of action for willful and wanton misconduct and the request for punitive damages.

**ANALYSIS**

A.  **Applicable Legal Standard.**

A motion for summary adjudication, sometimes referred to as a motion for partial

2

summary judgment, is governed by the same standard as a typical motion for summary judgment. *California v. Campbell,* 138 F.3d 772, 780-81 (9th Cir.1998); *Costa v. Nat'l Action Fin. Servs.,* No. CIV S–05–2084 FCD/KJM, 2007 WL 4526510, at *2 (E.D. Cal. Dec. 19, 2007). "A party may move for summary judgment, identifying each claim or defense … on which summary judgment is sought." Fed. R. Civ. P. 56(a). A principal purpose of the summary judgment procedure is to identify and dispose of factually unsupported claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment, or partial summary judgment, is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In considering a motion for summary judgment, the court may not weigh the evidence or make credibility determinations, and is required to draw all inferences in a light most favorable to the non-moving party." *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997), *abrogated on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008).

    The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *see also* Fed. R. Civ. P. 56(c). An issue of fact is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A fact is "material" if it may affect the outcome of the case. *Id.* at 248. Once the moving party meets its initial burden, the non-moving party must "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (quoting *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251 (7th Cir. 1995)); *see also* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record."). If the non-moving party fails to point to evidence precluding summary judgment, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

**B.     California Law Governs.**

    In cases where a federal court exercises diversity jurisdiction, the court must apply the substantive law of the state in which they are located except on matters governed by the U.S.

3

Constitution or federal statutes. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78 (1938). The basis for jurisdiction here is diversity between the parties. (*See* Compl. ¶ 12.) Personal injury and tort cases are guided by the laws of the forum state. *Gulf Offshore Co., Div. of Pool Co. v. Mobil Oil Corp.*, 453 U.S. 473, 483 (1981) (acknowledging federal courts follow state laws for personal injury and tort cases). This case, which arises out of an accident that occurred in California, involves property injury and tort law. California law governs Plaintiff's claims.

Plaintiff attempts to invoke federal question jurisdiction in his opposition to summary judgment based on the Federal Highway Act and Highway Safety Act. *See* 23 U.S.C. § 101 *et seq.*; *id*. §§ 401 *et seq*. Federal question jurisdiction exists when a plaintiff's well-pleaded complaint establishes either (1) that federal law creates the cause of action or (2) that a state law claim necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally-approved balance of federal and state judicial responsibilities. *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). Neither the Federal Highway Act nor the Highway Safety Act create a private cause of action for Plaintiff's claims. *See Ramos Pinero v. Puerto Rico*, 359 F. Supp. 2d 56, 57 (D.P.R. 2005), *aff'd*, 453 F.3d 48 (1st Cir. 2006); *Whittington v. City of Bangor*, No. 1:17-cv-00413-NT, 2017 WL 5037457, at *3 (D. Me. Nov. 3, 2017), *report and recommendation adopted*, No. 1:17-cv-413-NT, 2017 WL 6210894 (D. Me. Dec. 8, 2017). Nor does Defendant's contract with Caltrans provide a basis for federal question jurisdiction in this case. *Merrell Dow Pharm Inc. v. Thompson*, 478 U.S. 804, 808, 817 (1986) (noting that the mere presence of a federal issue in a state cause of action does not confer federal question jurisdiction).

Plaintiff's complaint involves claims of negligence based on an accident that occurred in California. There is nothing in the complaint that indicates Plaintiff's claims raise a question of federal law that would confer federal question jurisdiction. This case is here pursuant to diversity jurisdiction, and California state law applies to Plaintiff's claims.[1]

---

[1] Plaintiff also attempts to argue that his state law causes of action are preempted by federal regulations. But Plaintiff fails to show how the implementation of state law in this case conflicts with a federal law.

4

### C. The Court Grants Defendant's Motion as to the Claim of Willful or Wanton Misconduct.

"Under California law, 'willful or wanton misconduct is separate and distinct from negligence.... Unlike negligence, which implies a failure to use ordinary care, and even gross negligence, which connotes such a lack of care as may be presumed to indicate a passive and indifferent attitude toward results, willful misconduct is not marked by a mere absence of care. Rather, it involves a more positive intent actually to harm another or to do an act with a positive, active and absolute disregard of its consequences.'" *Dazo v. Globe Airport Sec. Servs.*, 295 F.3d 934, 941 (9th Cir. 2002) (quoting *Calvillo–Silva v. Home Grocery,* 19 Cal.4th 714, 729 (1998)). Three elements are necessary to raise a negligent act to the level of willful misconduct: (1) actual or constructive knowledge of the peril to be apprehended, (2) actual or constructive knowledge that injury is a probable as opposed to a possible result of the danger, and (3) a conscious failure to act to avert that peril." *Wolk v. Green*, 516 F. Supp. 2d 1121, 1131 (N.D. Cal. 2007) (internal citation omitted).

Here, Plaintiff has not offered evidence of Defendant's positive intent to harm or to commit an act with an active disregard of its consequences. The evidence shows that the "CENTER LANE CLOSED AHEAD" sign was "used in a manner that inconsistent with its intended purpose" because the construction work on Park Presidio Bypass occupied the left lane not the center lane. (Manjarrez Report at 3.) However, this does not establish Defendant's positive intent to cause harm. Indeed, the evidence also shows that Defendant used the "CENTER LANE CLOSED AHEAD" sign at the direction of Caltrans. (Yim Decl., Ex. G at 1.) Thus, the fact that signage was not properly posted in and of itself does not rise to the level of willful or wanton misconduct.

Plaintiff also has not offered evidence to establish that Defendant consciously failed to act avoid the danger. The evidence shows that in addition to the improper center lane sign, Defendant utilized a temporary barrier, crash cushion, and "LANE CLOSED" sign to alert motorists of the lane closure. Plaintiff relies on his expert report to argue that Defendant knew or should have known that posting the improper sign and failing to post additional signage would lead to unsafe conditions for motorists. However, Defendant's improper and potentially inadequate use of

signage, at most, would amount to negligence.

Plaintiff also argues that a series of negligent acts or omissions may constitute recklessness or willful misconduct. However, the evidence does not show a series of negligent acts on the part of Defendant. Apart from the signage issue, the other conduct that led to the accident was Plaintiff's own failure to comply with clearly marked traffic lanes and signals at the intersection of Crossover Drive and Park Presidio Bypass.

Plaintiff offers no evidence of Defendant's intent to use the wrong signage with the knowledge that it would lead to unsafe conditions. The Court concludes that no reasonable jury could conclude that Defendant's conduct rises to the level of willful and wanton misconduct as a matter of law. The Court GRANTS Defendant's motion on this basis.

**D.    Plaintiff's Claim for Punitive Damages Fails.**

California Civil Code section 3294(a) permits an award of punitive damages "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294(a). Section 3294 defines "malice" as "conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others." *Id*. § 3294(c)(1). "Despicable conduct" is conduct "so vile, base, contemptible, miserable, wretched or loathsome that it would be looked down upon and despised by most ordinary decent people." *Pac. Gas & Elec. Co. v. Super. Ct.*, 24 Cal.App.5th 1150, 1159 (2018) (internal quotation marks and citation omitted). "Conscious disregard" requires that the defendant "have *actual knowledge* of the risk of harm it is creating and, in the face of that knowledge, fail to take steps it knows will reduce or eliminate the risk of harm." *Id*. (internal quotation marks and citation omitted). Whether a "defendant is aware of the probable dangerous consequences of [its] conduct and [it] willfully fails to avoid such consequences" can be "proved either expressly through direct evidence or by implication through indirect evidence from which the jury draws inferences." *Pfeifer v. John Crane, Inc.*, 220 Cal.App.4th 1270, 1299 (2013) (quoting *Angie M. v. Super. Ct.*, 37 Cal.App.4th 1217, 1228 (1995)). "Summary judgment on the issue of punitive damages is proper only when no reasonable jury could find the plaintiff's evidence to be clear and convincing

1   proof of malice, fraud or oppression." *Johnson & Johnson v. Superior Court,* 192 Cal.App.4th
2   757, 762 (2011) (internal quotation marks omitted).
3         Here, the Court has found that there is no issue of fact on the cause of action for willful
4   and wanton misconduct, which is the sole claim upon which Plaintiff bases his request for punitive
5   damages. (*See* Compl. ¶¶ 33-34.) Therefore, Plaintiff's claim for punitive damages also fails.
6         Even if that were not the case, there is no evidence to support an award of punitive
7   damages. Plaintiff has not offered any evidence, much less clear and convincing evidence, of
8   conduct which is despicable or malicious. As discussed above, the evidence shows that
9   Defendant's posted signage did not comply with the relevant regulations. However, the evidence
10  also shows that Caltrans directed Defendant to post the sign. Thus, the use of the improper
11  signage under these circumstances does not constitute despicable conduct or a conscious disregard
12  for the safety of others. Plaintiff fails to demonstrate there is clear and convincing evidence that
13  Defendant acted with the requisite malice for punitive damages.
14        Plaintiff appears to argue that he is entitled to punitive damages under federal law.
15  However, as discussed above, this case alleges state law claims; there is no alleged violation of
16  rights under federal law. Regardless, the evidence does not support an award of punitive damages
17  even under Plaintiff's proposed standard.
18        The Court GRANTS Defendant's motion on this basis.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion for summary adjudication as to Plaintiff's claim for willful and wanton misconduct and his request for punitive damages.

The parties shall meet and confer and update the Court by joint case status report by no later than June 17, 2022 of their intended course of action for the remainder of this matter and the status of alternative dispute resolution.[2] The Court encourages the parties to seek resolution of this matter. If requested, the Court will refer the parties to Court-sponsored alternative dispute

---

[2] The parties' deadline to participate in ADR was April 1, 2022.

7

resolution.

The Court CONTINUES the pretrial conference to September 26, 2022, at 2 p.m.  The Court CONTINUES jury selection to October 12, 2022, at 8 a.m. and trial to October 17, 2022, at 8 a.m.

**IT IS SO ORDERED.**

Dated: May 16, 2022

_____
JEFFREY S. WHITE
United States District Judge